### PLATT v. PHILADELPHIA & R. R. CO. et al.

#### (Circuit Court, D. Massachusetts.    March 2, 1893.)

#### No. 3,112.

Receivers—Ancillary—Appointment in Ex Parte Proceedings.
The circuit court for the first circuit will follow the general practice in the federal courts, of granting an ancillary receivership on ex parte applications, but without prejudice to a full consideration of the legality of the practice on subsequent motion to dissolve the order.

In Equity. Bill by Thomas C. Platt against the Philadelphia & Reading Railroad Company and others for the appointment of an ancillary receiver. Prayer of bill granted, and receiver appointed.

William M. Richardson and Charles E. Hellier, for complainant.
Robert M. Morse and Elmer P. Howe, for defendants.
Before PUTNAM, Circuit Judge, and NELSON, District Judge.

PER CURIAM. In Mercantile Trust Co. v. Kanawha & O. Ry. Co., 39 Fed. Rep. 337, Justice Harlan and Judge Jackson held in a formal opinion that the circuit courts of the United States cannot take jurisdiction of a bill whose only purpose is an ancillary receivership; but in other districts such bills have been frequently entertained and acted upon, generally, if not always, on ex parte proceedings, and without argument. The same has been done ex parte on several occasions in this court. We will at present follow this practice, stating, however, that this is without prejudice to a full consideration of the question if hereafter a motion is made to dissolve or annul the order. The order offered may be entered with such modification as to its details as Judge Nelson shall require, if any.